**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles Lloyd WILLIAMS,**
**Defendant–Appellant.**

No. 08–30241.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2009.

Filed June 16, 2009.

Rebekah J. French, Assistant U.S., USGF–Office of the U.S. Attorney, Richard A. Hosley, III, Esquire, Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

David F. Ness, Assistant Federal Public Defender, FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: B. FLETCHER, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM *

Charles Lloyd Williams appeals his conviction following a jury trial on one count of possession with intent to distribute five grams of methamphetamine. Williams contends that the jury's return of an improper verdict form should have resulted in a mistrial. He further contends that the evidence was insufficient to support the verdict. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in failing to declare a mistrial after the jury returned an improperly completed verdict form.[1] Williams did not move for a mistrial and did not object to the court's decision to instruct the jury to continue deliberating and to complete a replacement verdict form. We thus review this issue only for plain error. *See* Fed.R.Crim.P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); *United States v. McCaleb*, 552 F.3d 1053, 1057 (9th Cir.2009) (reviewing for plain error a claim that the defendant did not raise in the district court).

The verdict was unclear because the jury found Williams guilty of both the charged offense and the lesser included offense, and then wrote "VOID" on the first page of the verdict form. The district court "does not plainly err by asking the jury to clarify its verdict." *McCaleb*, 552 F.3d at 1058. "Given the district court's wide discretion in deciding whether to declare a mistrial sua sponte and the absence of any coercive element in the instructions" to clarify the verdict, the district court did not commit plain error. *United States v. Banks*, 514 F.3d 959, 974 (9th Cir.2008).

Williams' contention that the evidence is insufficient to support the verdict also fails. "In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the defendant guilty of each element of the crime beyond a reasonable doubt." *United States v. Heller*, 551 F.3d 1108, 1113 (9th Cir.2009), *cert. denied*, — U.S. —, 129 S.Ct. 2419, 173 L.Ed.2d 1323 (2009). "We do not 'question a jury's assessment of witnesses' credibility,' but rather presume in these circumstances 'that the trier of fact resolved any ... conflicting [inferences] in favor of the prosecution.'" *United States v. Franklin*, 321 F.3d 1231, 1240 (9th Cir.2003) (quoting *United States v. Johnson*, 229 F.3d 891, 894 (9th Cir.2000)) (alterations in original).

Williams' testimony that he only used methamphetamine and did not sell it was contradicted by the testimony of three other witnesses. In addition, the jury saw a video of the transaction. Viewing the evidence in the light most favorable to the government, a rational jury could have found Williams guilty of each element of the crime beyond a reasonable doubt.

The judgment of the district court is **AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the factual and procedural background, we do not recite it here except as necessary to aid in understanding this disposition.